UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHILO DION SANDERS | ) | Case No. 23-14859-MER |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JOHN DARJEAN, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. 24-01022-MER |
| | ) | |
| v. | ) | |
| | ) | |
| SHILO DION SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

**SHILO DION SANDERS' ANSWER TO PLAINTIFF'S
ORIGINAL COMPLAINT FOR NONDISCHARGE OF DEBT**

Shilo Dion Sanders ("Plaintiff"), by and through his undersigned counsel, hereby files this answer to Plaintiff's Original Complaint for Nondischarge of Debt (the "Complaint") [Docket No. 1] filed by John Darjean ("Defendant").[1]

**INTRODUCTION**

1. Defendant denies the allegations contained in ¶ 1 of the Complaint, except that Defendant admits this is an action to determine if the judgment and/or claims of Defendant against Plaintiff are excepted from discharge under 11 U.S.C.§ 523(a)(6).

**JURISDICTION AND VENUE**

2. Defendant admits that this Bankruptcy Court has jurisdiction to enter judgment as to whether the Judgment is nondischargeable, but denies the remaining allegations contained in ¶ 2 of the Complaint.

---

[1] For convenience only, capitalized terms used but not defined herein have the meanings assigned to them in the Complaint.

1

3. Defendant denies the allegations contained in ¶ 3 of the Complaint, except that Defendant admits this Bankruptcy Court does not have jurisdiction and/or authority to liquidate personal injury claims absent consent from all parties to the litigation.

4. Defendant admits the allegations contained in ¶ 4 of the Complaint that initial venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409. Paragraph 4 contains a reservation of rights that does not require admission or denial. Defendant denies that any additional proceeding to liquidate the claims of Plaintiff should occur in the 160th District Court, Dallas County Texas.

## PARTIES

5. Defendant lacks sufficient information to admit or deny the allegations contained in ¶ 5 of the Complaint and therefore denies same.

6. Defendant admits the allegations contained in ¶ 6 of the Complaint except to the extent that it purports to permit service of process other than in accordance with the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

7. Defendant admits the allegations contained in ¶ 7 of the Complaint.

8. Defendant admits the allegations contained in ¶ 8 of the Complaint.

9. Defendant admits the allegations contained in ¶ 9 of the Complaint.

10. Defendant admits the allegations contained in ¶ 10 of the Complaint.

**Procedural background of the Lawsuit.**

11. Defendant admits the allegations contained in ¶ 11 of the Complaint.

12. Defendant denies the allegations contained in ¶ 12 of the Complaint that Defendant committed an attack on Plaintiff. Defendant lacks information sufficient to admit or deny the remaining allegations contained in ¶ 12 of the Complaint and therefore denies same.

13. Defendant denies the allegations contained in ¶ 13 of the Complaint, except that Defendant admits that Defendant was represented by counsel until April 29, 2020, after which Defendant was unrepresented by counsel.

14. Defendant admits the allegations contained in ¶ 14 of the Complaint that Defendant was represented by counsel until April 29, 2020, after which Defendant was unrepresented by counsel, and that during the time Defendant was represented by counsel, Defendant's counsel took the specific actions listed in ¶ 14 of the Complaint. Defendant denies the remaining allegations contained in ¶ 14 of the Complaint.

15. Defendant denies the allegations contained in ¶ 15 of the Complaint.

16. Defendant admits the allegations contained in ¶ 16 of the Complaint.

17. Defendant admits the allegations contained in ¶ 17 of the Complaint.

18. Defendant admits the allegations contained in ¶ 18 of the Complaint.

19. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 19 of the Complaint and therefore denies same, except that Defendant admits the hearing on Plaintiff's motion for post-judgment receivership was stayed by the commencement of this case.

**The underlying assault and battery.**

20. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 20 of the Complaint and therefore denies same.

21. Defendant admits the allegations contained in ¶ 21 of the Complaint.

22. Defendant admits the allegations contained in ¶ 22 of the Complaint.

23. Defendant admits the allegations contained in ¶ 23 of the Complaint.

24. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 24 of the Complaint and therefore denies same.

25. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 25 of the Complaint and therefore denies same.

26. Defendant denies the allegations contained in ¶ 26 of the Complaint.

27. Defendant admits the allegations contained in ¶ 27 of the Complaint.

28. Defendant denies the allegations contained in ¶ 28 of the Complaint.

29. Defendant denies the allegations contained in ¶ 29 of the Complaint.

30. Defendant denies the allegations contained in ¶ 30 of the Complaint.

31. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 31 of the Complaint and therefore denies same.

32. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 32 of the Complaint and therefore denies same.

33. Defendant denies the allegations contained in ¶ 33 of the Complaint.

34. Defendant admits the allegations contained in ¶ 34 of the Complaint that Plaintiff and Defendant walked to Plaintiff's office. Defendant lacks information sufficient to admit or deny the remaining allegations contained in ¶ 34 of the Complaint and therefore denies same.

35. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 35 of the Complaint and therefore denies same.

36. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 36 of the Complaint and therefore denies same.

37. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 37 of the Complaint and therefore denies same.

38. Defendant admits the allegations contained in ¶ 38 of the Complaint that at the time Deion and Pilar were parties to a pending divorce proceeding, but denies the remaining allegations contained in ¶ 38 of the Complaint.

39. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 39 of the Complaint and therefore denies same.

40. Defendant admits the allegations contained in ¶ 40 of the Complaint that Defendant was using Defendant's phone to make what Defendant believed was an emergency call to his mother. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 40 of the Complaint and therefore denies same.

41. Defendant admits the allegations contained in ¶ 41 of the Complaint.

42. Defendant admits the allegations contained in ¶ 42 of the Complaint.

43. Defendant admits the allegations contained in ¶ 43 of the Complaint that Defendant walked out of the gym despite being told not to so that Defendant could speak with his mother on his phone, but denies the remaining allegations contained in ¶ 43 of the Complaint.

44. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 44 of the Complaint and therefore denies same.

45. Defendant admits the allegations contained in ¶ 45 of the Complaint that Plaintiff followed Defendant into the hallway, but denies the remaining allegations contained in ¶ 45 of the Complaint.

46. Defendant admits the allegations contained in ¶ 46 of the Complaint that Plaintiff was telling Defendant that Defendant could not use the telephone and was attempting to take the telephone from Defendant. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 46 of the Complaint that "So, I come to and I come back up. As I fall back, I come

4

back up. I feel two more blows right at my chest and my neck, boom, boom." Defendant denies the remaining allegations contained in ¶ 46 of the Complaint.

47. Defendant denies the allegations contained in ¶ 47 of the Complaint that Defendant committed an attack. Defendant lacks information sufficient to admit or deny the remaining allegations contained in ¶ 47 of the Complaint and therefore denies same.

48. Defendant denies the allegations contained in ¶ 48 of the Complaint.

49. Defendant denies the allegations contained in ¶ 49 of the Complaint.

50. Defendant denies the allegations contained in ¶ 50 of the Complaint.

51. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 51 of the Complaint and therefore denies same.

52. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 52 of the Complaint and therefore denies same.

53. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 53 of the Complaint and therefore denies same.

54. Defendant lacks information sufficient to admit or deny the allegations, photograph and caption contained in ¶ 54 of the Complaint and therefore denies same.

**A history of discipline problems leading to the assault.**

55. Defendant denies the allegations contained in ¶ 55 of the Complaint.

56. Defendant denies the allegations contained in ¶ 56 of the Complaint.

57. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 57 of the Complaint and therefore denies same.

58. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 58 of the Complaint and therefore denies same.

59. Defendant denies the allegations contained in ¶ 59 of the Complaint.

60. Defendant denies the allegations contained in ¶ 60 of the Complaint.

61. Defendant admits the allegations contained in ¶ 61 of the Complaint that Defendant returned to FA on September 18, 2015, but denies the remaining allegations contained in ¶ 61 of the Complaint.

62. Defendant denies the allegations contained in ¶ 62 of the Complaint.

63. Defendant denies the allegations contained in ¶ 63 of the Complaint.

64. Defendant denies the allegations contained in ¶ 64 of the Complaint.

65. Defendant admits the allegations contained in ¶ 65 of the Complaint.

66. Defendant admits the allegations contained in ¶ 66 of the Complaint that the Texas Department of Family and Protective Services investigated the allegations of "physical abuse (PHAB) to the fifteen year old child, Shilo Sanders, by school personnel at his school" resulting from "the fifteen year old child, Shilo Sanders, obtain[ing] marks to a vital area of the body as a result of being choked and slammed into a wall by school personnel", and denies the remaining allegations contained in ¶ 66 of the Complaint.

**Permanent, debilitating injuries to Darjean**

67. Defendant denies the allegations contained in ¶ 67 of the Complaint.

68. Defendant denies the allegations contained in ¶ 68 of the Complaint.

69. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 69 of the Complaint and therefore denies same.

70. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 70 of the Complaint and therefore denies same.

71. Defendant denies the allegations contained in ¶ 71 of the Complaint that Defendant committed an attack. Defendant lacks information sufficient to admit or deny the remaining allegations, photograph and caption contained in ¶ 71 of the Complaint and therefore denies same.

72. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 72 of the Complaint and therefore denies same.

73. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 73 of the Complaint and therefore denies same.

74. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 74 of the Complaint and therefore denies same.

75. Defendant lacks information sufficient to admit or deny the allegations, photograph and caption contained in ¶ 75 of the Complaint and therefore denies same.

76. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 76 of the Complaint and therefore denies same.

77. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 77 of the Complaint and therefore denies same.

78. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 78 of the Complaint and therefore denies same.

79. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 79 of the Complaint and therefore denies same.

80. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 80 of the Complaint and therefore denies same.

81. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 81 of the Complaint and therefore denies same.

82. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 82 of the Complaint and therefore denies same.

83. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 83 of the Complaint and therefore denies same.

84. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 84 of the Complaint and therefore denies same.

85. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 85 of the Complaint and therefore denies same.

86. Defendant denies the allegations contained in ¶ 86 of the Complaint that Plaintiff sustained any injuries from any assault or battery by Defendant. Defendant lacks information sufficient to admit or deny the remaining allegations, photograph and caption contained in ¶ 86 of the Complaint and therefore denies same.

87. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 87 of the Complaint and therefore denies same.

88. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 88 of the Complaint and therefore denies same.

**The Lawsuit and final Judgment**

89. Defendant admits the allegations contained in ¶ 89 of the Complaint.

90. Defendant admits the allegations contained in ¶ 90 of the Complaint.

91. Defendant admits the allegations contained in ¶ 91 of the Complaint.

92. Defendant admits the allegations contained in ¶ 92 of the Complaint.

93. Defendant admits the allegations contained in ¶ 93 of the Complaint, but denies there were "many trials rescheduled."

94. Defendant denies the allegations contained in ¶ 94 of the Complaint, except that Defendant admits that Defendant had legal representation until April 29, 2020 after which Defendant was unrepresented by counsel.

95. Defendant admits the allegations contained in ¶ 95 of the Complaint, but denies the filings listed in ¶ 95 of the Complaint represent a "fraction" of the filings.

96. Defendant denies the allegations contained in ¶ 96 of the Complaint, except that Defendant admits that Defendant had legal representation until April 29, 2020 after which Defendant was unrepresented by counsel.

97. Defendant admits the allegations contained in ¶ 97 of the Complaint.

98. Defendant admits the allegations contained in ¶ 98 of the Complaint.

99. Defendant admits the allegations contained in ¶ 99 of the Complaint.

100. Defendant admits the allegations contained in ¶ 100 of the Complaint.

101. Defendant admits the allegations contained in ¶ 101 of the Complaint.

102. Defendant admits the allegations contained in ¶ 102 of the Complaint.

103. Defendant denies the allegations contained in ¶ 103 of the Complaint.

104. Defendant denies the allegations contained in ¶ 104 of the Complaint.

**Shilo files for Bankruptcy.**

105. Defendant admits the allegations contained in ¶ 105 of the Complaint.

106. Defendant admits the allegations contained in ¶ 106 of the Complaint.

107. Defendant admits the allegations contained in ¶ 107 of the Complaint.

108. Defendant admits the allegations contained in ¶ 108 of the Complaint.

109. Defendant admits the allegations contained in ¶ 109 of the Complaint.

110. Defendant admits the allegations contained in ¶ 110 of the Complaint.

111. Defendant admits the allegations contained in ¶ 111 of the Complaint.

112. Defendant denies the allegations contained in ¶ 112 of the Complaint, except that Defendant admits that Defendant filed for chapter 7 bankruptcy on October 23, 2023.

113. Defendant admits the allegations contained in ¶ 113 of the Complaint.

**Schedules and the Meeting of Creditors.**

114. Defendant admits the allegations contained in ¶ 114 of the Complaint.

115. Defendant admits the allegations contained in ¶ 115 of the Complaint that Defendant filed (a) Amended SOFA on December 19, 2023 at 10:19 AM (MST) [Docket No. 19]; (b) Amended Schedule A/B on December 19, 2023 at 10:20 AM (MST) [Docket No. 20]; and (c) Amended Schedule D on December 19, 2023 at 10:21 AM (MST) [Docket No. 21]. Defendant further admits that the § 341 meeting of creditors was scheduled for December 19, 2023 at 2:00 PM (MST). Defendant denies the remaining allegations contained in ¶ 115 of the Complaint.

116. Defendant admits the allegations contained in ¶ 116 of the Complaint.

117. Defendant denies the allegations contained in ¶ 117 of the Complaint, except that Defendant admits that on December 19, 2023, the Chapter 7 Trustee conducted and concluded the § 341 meeting of creditors.

118. Defendant lacks information sufficient to admit or deny the allegations contained in ¶ 118 of the Complaint and therefore denies same.

**Items not disclosed on schedules.**

119. Defendant denies the allegations contained in ¶ 119 of the Complaint.

120. Defendant admits the allegations contained in ¶ 120 of the Complaint except to the extent that it purports to imply any obligation of the Defendant to itemize and give value to the individual items of personal property.

121. Defendant denies the allegations contained in ¶ 121 of the Complaint, except that Defendant admits that Defendant has not filed amended schedules since December 19, 2023.

122. Defendant admits the allegations contained in ¶ 122 of the Complaint, but denies the characterization that amended Schedule A/B "suddenly disclaimed ownership" to the extent it purports to imply any improper motive or wrongdoing by Defendant in scheduling no ownership, legal or equitable interest in jewelry in amended Schedule A/B.

123. Defendant admits the allegations contained in ¶ 123 of the Complaint except to the extent that it purports to imply any obligation of the Defendant to provide any description of jewelry in the schedules or to Plaintiff.

124. Defendant lacks information sufficient to admit or deny what Defendant is known to own and possess and therefore denies same. Defendant denies the remaining allegations contained in ¶ 124 of the Complaint.

125. Defendant lacks information sufficient to admit or deny what Defendant is known to own and possess and therefore denies same. Defendant denies the remaining allegations contained in ¶ 125 of the Complaint.

126. Defendant admits the allegations contained in ¶ 126 of the Complaint except to the extent that it purports to imply any improper motive or wrongdoing by Defendant in scheduling the value of his clothing and shoes as unknown.

127. Defendant admits the allegations contained in ¶ 127 of the Complaint that a characterization or itemization of his clothing and shoes is not included in Schedule A/B except to the extent that it purports to imply any improper motive or wrongdoing by Defendant, but denies the remaining allegations contained in ¶ 127 of the Complaint.

128. Defendant admits the allegations contained in ¶ 128 of the Complaint that Defendant's ownership of a Mercedes GLE AMG 635 is included in Schedule A/B; and admits that Defendant testified at the § 341 meeting of creditors that he has driven two other vehicles that Defendant does not own; and admits that Defendant has not filed amended schedules since December 19, 2023; but denies the remaining allegations contained in ¶ 128 of the Complaint.

129. Defendant admits the allegations contained in ¶ 129 of the Complaint that Defendant states in a video posted on May 4, 2023 on his YouTube Channel, "Alright we at the Louis store, we're trying to spend at least $50,000 today," but denies the remaining allegations contained in ¶ 129 of the Complaint.

130. Defendant admits the allegations contained in ¶ 130 of the Complaint that the schedules do not include Louis Vuitton wallets, bags, luggage, clothing, or shoes displayed on Defendant's Instagram, TikTok, and YouTube accounts, but denies the remaining allegations contained in ¶ 130 of the Complaint.

131. Defendant admits the allegations contained in ¶ 131 of the Complaint that the schedules do not include any other designer brands that may appear in Defendant's Instagram, TikTok and YouTube account, but denies the remaining allegations contained in ¶ 131 of the Complaint.

132. Defendant admits the allegations contained in ¶ 132 of the Complaint.

133. Defendant admits the allegations contained in ¶ 133 of the Complaint that the schedules include the value of Defendant's interest in Big 21, LLC and SS21, LLC as unknown, but denies the remaining allegations contained in ¶ 133 of the Complaint.

134. Defendant admits the allegations contained in ¶ 134 of the Complaint that the schedules do not include any partnerships, deals, and/or contracts with any agents and/or managers including but not limited to SMAC Entertainment, Well Off Media, Colorado University, Tabetha Plummer, Georgie Moskowitz, Constance Schwartz, and any other company/agent/manager, but denies the remaining allegations contained in ¶ 134 of the Complaint.

135. Defendant denies the allegations contained in ¶ 135 of the Complaint, except Defendant admits that Defendant is the sole owner of Big 21, LLC and SS21, LLC.

136. Defendant admits the allegations contained in ¶ 136 of the Complaint that the Schedules do not include the items listed in ¶ 136 of the Complaint, but denies the remaining allegations contained in ¶ 136 of the Complaint.

137. Defendant admits the allegations contained in ¶ 137 of the Complaint that the Schedules do not include the items listed in ¶ 137 of the Complaint, but denies the remaining allegations contained in ¶ 137 of the Complaint.

138. Defendant admits the allegations contained in ¶ 138 of the Complaint.

139. Defendant denies the allegations contained in ¶ 139 of the Complaint.

140. Defendant lacks information sufficient to admit or deny what "the entire underpinning of the NIL concept" is and therefore denies same. Defendant denies the remaining allegations contained in ¶ 140 of the Complaint.

141. Defendant denies the allegations contained in ¶ 141 of the Complaint.

142. Defendant denies the allegations contained in ¶ 142 of the Complaint.

143. Defendant denies the allegations contained in ¶ 143 of the Complaint.

144. Defendant denies the allegations contained in ¶ 144 of the Complaint.

145. Defendant denies the allegations contained in ¶ 145 of the Complaint.

146. Defendant denies the allegations contained in ¶ 145 of the Complaint.

147. Defendant admits the allegations contained in ¶ 147 of the Complaint that on September 30, 2021, SS21, LLC filed an application for the trademark HEADACHE GANG, but denies the remaining allegations contained in ¶ 147 of the Complaint.

148. Defendant admits the allegations contained in ¶ 148 of the Complaint that the trademark HEADACHE GANG, the sole asset of SS21, LLC, was not included in Defendant's schedules, but denies the remaining allegations contained in ¶ 148 of the Complaint.

149. Defendant denies the allegations contained in ¶ 149 of the Complaint.

150. Defendant admits the allegations contained in ¶ 150 of the Complaint that SOFA-27 (Docket No. 19) includes two entities which Defendant owned or had a connection to within the four (4) years before Defendant filed for bankruptcy. Defendant lacks information sufficient to admit or deny the remaining allegations contained in ¶ 150 of the Complaint and therefore denies same.

**Informal discovery not fulfilled.**

151. Defendant admits the allegations contained in ¶ 151 of the Complaint that in January of 2024, Plaintiff's counsel contacted Defendant's counsel with a list of proposed document requests, and the attorneys met to discuss what Defendant would produce, what did not exist, and what document production would require a protective order. After that call, Defendant understood from Defendant's counsel that Plaintiff's counsel was going to revisit the document requests and file a 2004 motion. Defendant denies the remaining allegations contained in ¶ 151 of the Complaint.

152. Defendant lacks sufficient information to admit or deny the allegations contained in ¶ 149 of the Complaint and therefore denies same.

**Shilo buys a house for Deion just after filing for bankruptcy.**

153. Defendant lacks sufficient information to admit or deny the allegations contained in ¶ 153 of the Complaint and therefore denies same.

154. Defendant denies the allegations contained in ¶ 154 of the Complaint.

## CAUSES OF ACTION

155. Paragraph 155 contains a statement of Plaintiff's assertion of claims and causes of action against the Defendant that does not require admission or denial.

156. Paragraph 156 contains a statement of incorporation and is therefore admitted or denied consistent with the paragraphs enumerated.

**Count 1 – Objection to discharge, Code § 523(a)(6).**

157. Defendant denies the allegations contained in ¶ 157 of the Complaint.

158. Defendant denies the allegations contained in ¶ 158 of the Complaint.

159. Defendant denies the allegations contained in ¶ 159 of the Complaint.

160. Paragraph 160 contains a statement of relief and is therefore denied.

161. Defendant denies the allegations contained in ¶ 161 of the Complaint.

162. Defendant denies the allegations contained in ¶ 162 of the Complaint.

163. Paragraph 163 contains a statement of relief and is therefore denied.

**Count 2 – Recovery of attorney's fees and expenses.**

164. Defendant lacks sufficient information to admit or deny the allegations contained in ¶ 164 of the Complaint and therefore denies same.

165. Paragraph 165 contains a statement of relief and is therefore denied.

## CONDITIONS PRECEDENT

166. Defendant denies the allegations contained in ¶ 166 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

2. Plaintiff's claim is barred because the harm complained of was the proximate result of Plaintiff's own actions and/or omissions.

3. Plaintiff's claim is barred by the affirmative defense of self-defense.

4. Plaintiff's claim is barred by the affirmative defense of duress.

5. Plaintiff's claim is barred by the affirmative defense of necessity.

6. Plaintiff's claim is barred by the affirmative doctrine of assumption of risk.

7. Plaintiff's claim is barred by the affirmative defense of failure to mitigate damages.

8. Plaintiff's claim is barred because any alleged act or omission of the Defendant that allegedly caused injury was done in order to avoid greater harm to Defendant.

9. Plaintiff's claim is barred by the doctrines of proportionate responsibility and/or comparative negligence or fault.

10. Plaintiff's claim is barred because and/or to the extent Plaintiff's alleged harm, injury and/or condition are preexisting and unrelated to the incident in question.

11. Defendant reserves the right to supplement or amend Defendant's defenses as discovery proceeds in this adversary proceeding.

| | |
|---|---|
| Dated: February 29, 2024 | **KUTNER BRINEN DICKEY RILEY, P.C.** |
| | */s/ Keri L. Riley* <br> Keri L. Riley, #47605 <br> 1660 Lincoln Street, Suite 1720 <br> Denver, CO 80264 <br> Tel: (303) 832-2400 <br> Email: klr@kutnerlaw.com |
| | - and - |
| | **BARNES & THORNBURG LLP** |
| | Victor D. Vital (of counsel) <br> 2121 N. Pearl St., Suite 700 <br> Dallas, TX 75201-2469 <br> Tel: (214) 258-4124 <br> Email: Victor.Vital@btlaw.com |
| | - and - |
| | James E. Van Horn (of counsel) <br> 555 12th St NW, Suite 1200 <br> Washington, DC 20004 <br> Tel: (202) 371-6351 <br> Email: JVanHorn@btlaw.com |
| | *Attorneys for Defendant Shilo Dion Sanders* |

## CERTIFICATE OF SERVICE

I certify that on February 29, 2024, I served a complete copy of the foregoing **SHILO DION SANDERS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR NONDISCHARGE OF DEBT** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Simon E. Rodriguez, Esq.
Chapter 7 Trustee
P.O. Box 36324
Denver, CO 80236

James Van Horn, Esq.
Barnes & Thornburg LLP
555 12th Street NW
Suite 1200
Washington, D.C. 20004

Alan Sweetbaum, Esq.
Sweetbaum Miller, P.C.
1200 Seventeenth Street
Suite 1250
Denver, CO 80202

Ori Raphael, Esq.
Mathias Raphael PLLC
13101 Preston Road
Suite 501
Dallas, TX 75240

Jeffrey Dayne Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
24 Greenway Plaza
Suite 2050
Houston, TX 77046

                                                    **/s/Vicky Martina**
                                                    **Vicky Martina**
                                                    **Kutner Brinen Dickey Riley PC**