# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
# DENVER DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHILO DION SANDERS, | ) | Case No. 23-14859-MER |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| JOHN DARJEAN | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 24-01022-MER |
| | ) | |
| vs. | ) | |
| | ) | |
| SHILO DION SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

## SHILO DION SANDERS' MOTION TO STRIKE
## PLAINTIFF JOHN DARJEAN'S JURY DEMAND

Shilo Dion Sanders ("Sanders"), by and through his undersigned counsel, files this motion to strike ("Motion to Strike") the jury demand ("Jury Demand") filed by John Darjean ("Darjean") in the above-referenced adversary proceeding ("Adversary Proceeding"). In support of this Motion to Strike, Sanders states as follows:

### BACKGROUND

1. On October 24, 2023, Darjean filed a proof of claim in the above-referenced bankruptcy case, designated as claim number 1-1 ("Proof of Claim"), asserting an unsecured claim in the amount of $13,393,645.04.

1

2. On January 29, 2024, Darjean filed an adversary complaint against Sanders for nondischargeability of the Proof of Claim under 11 U.S.C. § 523, initiating the Adversary Proceeding.

3. On March 7, 2024, Darjean filed a jury demand in bankruptcy case number 23-14859 ("Main Bankruptcy Case") [*see* ECF No. 45]; however, Darjean is not involved in any contested hearings in the Main Bankruptcy Case, and the Court issued a notice that this document should instead be filed in the appropriate adversary proceeding. [ECF No. 46.]

4. On March 11, 2024, Darjean filed the Jury Demand in the Adversary Proceeding. [Adversary Proceeding, ECF No. 9.]

5. On March 13, 2024, the Court entered an *Order on Jury Demand* [Adversary Proceeding, ECF No. 10] finding that Darjean failed to seek transfer or removal of the within case to the United States District Court for the District of Colorado, and ordered that the Court shall not consider the Jury Demand until the matter is properly brought before the Court by the filing of a motion seeking withdrawal of the reference, and in the event no such motion is filed, the Jury Demand may be deemed to be waived, and therefore, denied.

## ARGUMENT

6. Darjean does not have a constitutional right to a jury trial in the Adversary Proceeding. *In re Byrnes*, 639 B.R. 239, 242 (Bankr. D. N.M., 2022); *see also In re Valle*, 469 B.R. 35, 43 (Bankr. D. Idaho, 2012) ("[E]ntering the discharge and any determinations concerning whether a particular debt is or is not discharged are central to the bankruptcy process and properly within the bankruptcy court's authority to resolve without a jury.")

7. Additionally, "[i]f a creditor files a proof of claim, he subjects himself to the bankruptcy court's equitable jurisdiction. Similarly, a creditor subjects himself to the bankruptcy

2

court's equitable jurisdiction if he files a nondischargeability action." *Byrnes*, 639 B.R. at 245 (citations omitted); *see also*, *In re Motil*, 2022 WL 4073666, at *4 (Bankr. N.D. Ohio, 2022) ("By filing their adversary proceedings, the creditors lost their right to a jury trial in [the bankruptcy court]"); *see also*, *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242 (3d. Cir.), *cert. denied* 513 U.S. 999 (1994) (holding "that by submitting a proof of claim to the debtor's estate, the creditors effectively waive their right to a jury trial and instead submit themselves to the equitable jurisdiction of the bankruptcy court"). Here, Darjean has both filed the Proof of Claim and filed the Adversary Proceeding.

8. On multiple occasions, Darjean has subjected himself to the equitable jurisdiction of the Bankruptcy Court, and as a result, has waived his right to seek a jury trial, and the Jury Demand must therefore be struck. Further, any motion Darjean may file seeking withdrawal of the reference for the purpose of asserting the Jury Demand must also fail for these same reasons, and Sanders reserves all rights to oppose any such motion.

WHEREFORE, because Darjean has submitted to this Court's equitable jurisdiction and has waived his right to a jury trial, Sanders requests that this Court grant his Motion to Strike.

Dated:  March [], 2024             **KUTNER BRINEN DICKEY RILEY, P.C.**

                                   */s/ Keri L. Riley*
                                   Keri L. Riley, #47605
                                   1660 Lincoln Street, Suite 1720
                                   Denver, CO 80264
                                   Tel: (303) 832-2400
                                   Email: klr@kutnerlaw.com

                                   -and-

3

**BARNES & THORNBURG LLP**

Victor D. Vital (of counsel)
2121 N. Pearl St., Suite 700
Dallas, TX 75201-2469
Tel: (214) 258-4124
Email: Victor.Vital@btlaw.com

- and -

James E. Van Horn (of counsel)
555 12th St. NW, Suite 1200
Washington, DC 20004-1275
Tel: (202) 371-6351
Email: JVanHorn@btlaw.com

*Attorneys for Debtor/Defendant Shilo Dion Sanders*

## CERTIFICATE OF SERVICE

I certify that on March 20, 2024, I served a complete copy of the foregoing **SHILO DION SANDERS' MOTION TO STRIKE PLAINTIFF JOHN DARJEAN'S JURY DEMAND** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Simon E. Rodriguez, Esq.
Chapter 7 Trustee
P.O. Box 36324
Denver, CO 80236

James Van Horn, Esq.
Barnes & Thornburg LLP
555 12th Street NW
Suite 1200
Washington, D.C. 20004

Alan Sweetbaum, Esq.
Sweetbaum Miller, P.C.
1200 Seventeenth Street
Suite 1250
Denver, CO 80202

Ori Raphael, Esq.
Mathias Raphael PLLC
13101 Preston Road
Suite 501
Dallas, TX 75240

Jeffrey Dayne Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
24 Greenway Plaza
Suite 2050
Houston, TX 77046

                                                                   /s/Vicky Martina
                                                                   **Vicky Martina**