UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| SHILO DION SANDERS | ) ) ) | Case No. 23-14859-MER |
| Debtor. | ) ) ) ) | Chapter 7 |
| JOHN DARJEAN, | ) ) ) | |
| Plaintiff, | ) ) | Adv. Pro. 24-01022-MER |
| v. | ) ) | |
| SHILO DION SANDERS, | ) ) | |
| Defendant. | ) | |

## SHILO DION SANDERS' INITIAL DISCLOSURES

Shilo Dion Sanders ("Defendant"), by and through his undersigned counsel, hereby makes the following disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Because Defendant's investigation of this matter is ongoing, Defendant reserves the right to supplement these disclosures and rely upon additional witnesses and documents as further information becomes available.

### DISCLOSURES

**1.     The correct names of the parties to the action.**

John Darjean and Shilo Dion Sanders.

**2.     The name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1

A. <u>Shilo Dion Sanders</u> – Defendant and party to this action who may be contacted through his counsel of record.

<u>Subject</u>: Defendant has information relevant to the attack he suffered at the hands of John Darjean ("Darjean" or "Plaintiff") on September 15, 2015, and other claims and defenses asserted in this matter.

B. <u>Ruda Nash</u> – contact information unknown.

<u>Subject</u>: Ms. Nash, Principal of FOCUS Learning Academy when Darjean attacked Defendant on September 15, 2015, and one of the individuals who witnessed the attack, will likely have information regarding Darjean's attack on Defendant including (i) Darjean slamming Defendant's body and head into the corners of the glass windows of the school's gym foyer; (ii) Darjean grabbing Defendant by the neck with both hands and choking Defendant; (iii) Darjean throwing Defendant on the ground and falling on top of him; and (iv) Darjean refusing to let go of his grip of Defendant notwithstanding Ms. Nash's attempts to pull Darjean off of Defendant. Ms. Nash will further likely have information regarding (i) FOCUS Learning Academy's investigation finding that Darjean violated policy by employing inappropriate and excessive physical methods of discipline on Defendant; (ii) FOCUS Learning Academy's suspension of, and subsequent termination of Darjean's employment; and (iii) other claims and defenses asserted in this matter.

C. <u>Jordan Ham</u> – contact information unknown.

<u>Subject</u>: Mr. Ham, Caseworker for the Texas Department of Family and Protective Services who conducted interviews in 2015 in connection with the Child Protective Services investigation of Darjean's attack on Defendant, will likely have information regarding: (i) Darjean's attack on Defendant on September 15, 2015; (ii) the Texas Department of Family and

Protective Services' conclusion that Darjean inappropriately disciplined Defendant; and (iii) other claims and defenses asserted in this matter.

  D. The following individuals who were students at FOCUS Learning Academy when Darjean attacked Defendant on September 15, 2015, and who provided written statements to the Texas Department of Family and Protective Services, will likely have information regarding Darjean's attack on Defendant, and other claims and defenses asserted in this matter:

  <u>Edward Harrison</u> - contact information unknown.

  <u>Christopher Tyson</u> - contact information unknown.

  <u>Derek</u> – last name and contact information unknown.

  <u>Kendreon Phifer</u> - contact information unknown.

  <u>Rodney Richardson, Jr.</u> - contact information unknown.

  <u>Devuntrae Bookman</u> - contact information unknown.

  E. Any person identified in Plaintiff's Initial Disclosures.

  F. Defendant will supplement this list of individuals as necessary based upon facts learned during his ongoing investigation and discovery.

  **3. A copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

 Defendant may use any or all of the following categories of documents to support its claims or defenses:

  A. Texas Department of Family and Protective Services Child Protective Services investigation report of Darjean's attack on Defendant, Case # 43991520, completed on October

3

30, 2015, and attached as Exhibit 7 to *Plaintiff's Original Complaint for Nondischarge of Debt* ("Complaint").

      B.      Discovery, pleadings and other documents related to Cause No. DC-16-07371 in the 160th Civil District Court, Dallas County, Texas, either in Plaintiff's possession or available for inspection upon request.

Based on the information currently known to Defendant, the foregoing documents, which are being stored electronically, constitute the documents that are relevant to disputed facts alleged in the Complaint. Defendant reserves the right to supplement this list based upon facts or documentary evidence discovered in its ongoing investigation and discovery.

      **4.**      **A computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendant seeks an order (i) holding that Plaintiff has failed to satisfy his burden to establish that Defendant's debt to Plaintiff should be declared nondischargeable under 11 U.S.C. § 523(a)(6); (ii) denying and dismissing each of the claims and causes of action contained in Counts One and Two of the Complaint*;* and (iii) that judgment be entered in favor of Defendant.

      **5.**      **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

Dated: March 21, 2024          **KUTNER BRINEN DICKEY RILEY, P.C.**

<u>*/s/ Keri L. Riley*</u>
Keri L. Riley, #47605
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Tel: (303) 832-2400
Email: klr@kutnerlaw.com

- and -

**BARNES & THORNBURG LLP**

Victor D. Vital (of counsel)
2121 N. Pearl St., Suite 700
Dallas, TX 75201-2469
Tel: (214) 258-4124
Email: Victor.Vital@btlaw.com

- and -

James E. Van Horn (of counsel)
555 12th St NW, Suite 1200
Washington, DC 20004
Tel: (202) 371-6351
Email: JVanHorn@btlaw.com

***Attorneys for Defendant Shilo Dion Sanders***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **SHILO DION SANDERS' INITIAL DISCLOSURES** has been sent to all attorneys of record listed below CM-ECF and regular first class mail distribution on this 21st day of March, 2024.

Alan Sweetbaum, Esq.
Sweetbaum Miller, P.C.
amiller@sweetbaumlaw.com

Ori Raphael, Esq.
Mathias Raphael PLLC
ori@mr.law

Jeffrey Dayne Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
jcarruth@wkpz.com

                                                 */s/ James E. Van Horn*
                                                 James E. Van Horn