UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) </br> ) </br> SHILO DION SANDERS ) </br> ) </br> ) </br> Debtor. ) </br> ──────────────────────── ) </br> ) </br> JOHN DARJEAN, ) </br> ) </br>   Plaintiff, ) </br> ) </br> v. ) </br> ) </br> SHILO DION SANDERS, ) </br> ) </br>   Defendant. ) | Case No. 23-14859-MER </br></br> Chapter 7 </br></br></br></br></br></br></br> Adv. Pro. 24-01022-MER |

**PLAINTIFF JOHN DARJEAN'S POSITION STATEMENT
REGARDING DISCOVERY PLAN**

Creditor/Plaintiff John Darjean ("Darjean"), through counsel, submits this Position Statement as anticipated by the parties' *Joint Report of Rule 26(f) Conference and Discovery Plan* ("Joint Report") (Doc#: 16) and in advance of the status and scheduling conference set for Thursday, May 2, 2024, at 1:30 p.m.

**Plaintiff's Position regarding Discovery Plan**

As set forth in the parties' Joint Report, the parties are unable to reach agreement on the amount of time needed for discovery in this adversary proceeding. Debtor/Defendant Shilo Dion Sanders ("Sanders") believes discovery can be completed in approximately 3.5 months (July 31, 2024) while Darjean is requesting approximately 6 months (October 29, 2024).

At issue in this adversary proceeding is the dischargeability of a Texas judgment entered in favor of Darjean. *See* Complaint (Doc#: 1). Darjean claims that the Texas judgment is enforceable and that it should not be discharged because the judgment is based on injuries caused

by Sanders that were willful and malicious under 11 U.S.C. § 523(a)(6). Sanders disputes both the enforceability of the Texas judgment and argues that it should be eligible for discharge. *Compare* Complaint (Doc#:1) at ¶ 104 ("Shilo sufficiently participated in the Lawsuit such that the FOF and the Judgment should be given preclusive effect in this adversary proceeding.") *with* Sanders' Answer to Complaint (Doc#:4) at ¶ 104 ("Defendant denies the allegations contained in ¶ 104 of the Complaint.").

Because these proceedings are potentially not limited to dischargeability of the final judgment obtained and may encompass retrial of some or all of the elements of the underlying causes of action leading to the final judgment, discovery will be more involved including medical and potentially non-medical expert discovery and witness depositions. Additionally, because the original occurrence is in Texas, witnesses reside in Texas and the extensive amount of discovery in the original cause, some caution on scheduling deadlines is prudent.

The parties have attempted to reach an agreement on the use of the original discovery and dischargeability itself, but have come to an impasse. While such agreements may streamline matters in this proceeding and reduce the parties' discovery efforts, no such agreements have been reached based on the parties' conferences. As a result, it is necessary to provide the parties with sufficient time to conduct discovery into all of the elements at issue including those from the underlying case and issues surrounding dischargeability.

Sanders seeks to have this Court give an abbreviated discovery window while at the same time asking for an unabridged inquiry into the previous dispute, offering no concessions regarding the factual background of the original case. To provide a reduced discovery window while still litigating the merits of the original civil case would be haphazard to the discovery process as well

as any judicial findings thereafter. Sanders cannot have both an expedited discovery process and an unstipulated inquiry into the factual background already adopted by the Texas court.

It is unclear how much of the underlying litigation is being contested by Sanders, but it has been stated by Sanders' counsel that he is unwilling to make any stipulation pertaining to the judgment in the underlying litigation. Without concession regarding underlying litigation, the only prudent response, given the breadth of potential litigation issues that may arise without stipulation, is a more traditional discovery window such as the timeline proposed by Darjean in Joint Report. This would include completion of factual discovery by October 29, 2024 and dispositive motions by November 28, 2024. This timeline will allow all parties to adequately prepare and respond to any litigation issues that may arise as though this involved new factual disputes.

Appropriate outcomes for this dispute between parties are easily resolved, be it through stipulation to factual findings already determined or a traditional discovery window. Sanders' unwillingness to stipulate to factual findings regarding the enforceability of the underlying Texas judgment while, at the same time, demanding an aggressive discovery window is contrary to due process considerations. Because Sanders remains unwilling to offer any stipulation regarding the underlying case, this Court should adopt the traditional discovery window proposed by Darjean.

Dated: April 11, 2024.

By */s/ Andrew S. Miller*
Alan D. Sweetbaum
Andrew S. Miller
SWEETBAUM MILLER PC
1200 17th Street, Suite 1250
Denver, Colorado 80202
Telephone (303) 296-3377

Ori Raphael
MATHIAS RAPHAEL PLLC
13101 Preston Road, Suite 501
Dallas, Texas 75240
Telephone: 214-739-0100

3

                    Jeff Carruth
                    WEYCER, KAPLAN, PULASKI & ZUBER. P.C.
                    2608 Hibernia, Suite 105
                    Dallas, Texas 75204-2514
                    Telephone: 713-341-1158

*Attorneys for Plaintiff John Darjean*

## CERTIFICATE OF SERVICE

I certify that on April 11, 2024, I served a complete copy of the foregoing on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules via the ECF system:

| | |
|---|---|
| Jeff Carruth<br>Weycer Kaplan Pulaksi & Zuber P.C.<br>2608 Hibernia, Ste. 105<br>Dallas, TX 75204-2514<br>Email: jcarruth@wkpz.com | Jeffrey Dayne Carruth<br>Weycer Kaplan Pulaksi & Zuber P.C.<br>24 Greenway Plaza, #2050<br>Houston, TX 77046<br>Email: jcarruth@wkpz.com |
| Ori Raphael<br>Mathias Raphael PLLC<br>13101 Preston Rd<br>Ste 501<br>Dallas, TX 75240<br>Email: ori@mrlaw.co | Keri L. Riley<br>Kutner Brinen Dickey Riley, P.C.<br>1660 Lincoln Street<br>Suite 1720<br>Denver, CO 80264<br>Email: klr@kutnerlaw.com |

                    *s/Janelle Stoller*
                    Janelle Stoller