UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO
DENVER DIVISION

| | | |
|---|---|---|
| IN RE: § § | CASE NO. 23-14859 |
| SHILO DION SANDERS, § § | CH. 7 |
| § | |
| Debtor. § | |
| § | |
| JOHN DARJEAN § § | |
| Plaintiff, § § | Adv. Proc. No. 24-01022 |
| vs. § § | |
| SHILO DION SANDERS, § § | |
| Defendant. § | |

**OBJECTION AND RESPONSE OF JOHN DARJEAN TO SHILO DION SANDERS' MOTION TO STRIKE JURY DEMAND (RE: DOCKET NO. 12)**

**TO THE HONORABLE MICHAEL E. ROMERO, U.S. BANKRUPTCY JUDGE:**

John Darjean ("Darjean" or the "Plaintiff"), assault and battery victim, creditor, and party in interest files this Objection and Response to *Shilo Dion Sanders' Motion to Stike Jury Demand* (Re: Docket No. 12) ("Motion to Strike") filed herein by Shil Dion Sanders ("Sanders" or "Defendant" or the "Debtor") and in support thereof would show to the Court the following.

1. Sanders raises a single issue in the Motion to Strike, specifically that Darjean waived the right to a jury as to the claims asserted in the Complaint as a result of filing a proof claim.

2. The position of Sanders on the jury right is incorrect and attempts to over-simplify and misconstrues the situation on a number of grounds.

3. Darjean is the holder of a valid and enforceable judgment from the state court litigation (the "Judgment").

4. After early indications that Sanders possibly wished to simplify this adversary proceeding and proceed directly and only to a determination of dischargeabilty under Code §523(a)(6), Sanders refuses to stipulate to the preclusive effect of the Judgment.[1] *See* Docket No. 19. These and similar matters are among subjects of the status conference set for May 2, 2024.

5. So long as Sanders questions any aspect of the finality Judgement, then Darjean is entitled to remand of this action to the district court for the Northen District of Texas and then back to the Dallas County district court which entered the Judgment.[2] *See* 28 U.S.C. §157(b)(5). Accordingly, Darjean anticipates filing before the May 2, 2024 status conference a motion for summary judgment to address the finality and preclusive effect of the Judgment as to the Code § 523(a)(6) determination and a motion for remand and/or to withdraw the reference, in order to place before the Texas courts and a Texas jury any determination of the personal injury claims that may become necessary.[3]

6. Importantly, in regard to the instant Motion to Strike, the proof of claim filed by Darjean does not waive the right to a jury trial as to the personal injury claims of Darjean as to the determination of the assault and/or other claims evidenced in the Judgment.

7. Personal injury claims constitute a statutory and otherwise well recognized exception to the general rule of waiver of the jury trial right effectuated by a proof of claim.

---

[1] The Judgment with its findings of fact and conclusions of law as is attached to the Complaint Exhibit DAR005 (Adv. Docket No. 1-5).

[2] Mr. Van Horn, counsel for Sanders in this bankruptcy case, in fact has appeared in the Dallas County action., among other members of the firm.

[3] For the avoidance of doubt, it is the position of Darjean that the Judgment is entitled to full, final, and preclusive effect in this action and in the underlying bankruptcy case.

8. Under 28 U.S.C. § 1411, Darjean is entitled to a jury trial of the personal injury claims against Sanders if any aspect of the Judgment is not given preclusive effect in this action.

9. An individual's right to a jury trial regarding a personal injury tort claim is not affected by title 11 proceedings. 28 U.S.C. § 1411. The statute is set forth below in full.

> (a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.
>
> (b) The district court may order the issues arising under section 303 of title 11 to be tried without a jury.

28 U.S.C. §1411 (West 2024).

10. Although filing a proof of claim in other circumstances would waive the right to a jury trial, the proof of claim does not have the same effect on claims for personal injuries or wrongful death claims. 28 U.S.C. § 1411.

11. Unlike the plaintiff in the *Byrnes* opinion, cited by Sanders, Darjean has not consented to the bankruptcy court hearing his personal injury tort claims, and Darjean is entitled to a jury trial. *In re Byrnes*, 639 B.R. 239, 247 (Bankr.D.N.M.2022). Also, *Byrnes* involved Rule 9027 removal issues and the effect of the parties making inadequate disclosures. *See Byrnes, id* 248. The procedural posture here is very different.

12. Sanders argues that the *Billing* court held that because proof of claim was filed, the dispute is automatically equitable in nature. That is not what the court in the *Billing* case held. In fact, the *Billing* court specifically states that "We do not adopt the specific holding in *Jensen* that any dispute between a debtor and a creditor who has filed a proof of claim is equitable in nature…." *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1252 (3d Cir. 1994). The personal injury claims of Darjean are not automatically equitable in nature simply because Darjean filed a proof of claim.

13. *In re Motil,* 2022 WL 4073666 (Bankr.N.D.Ohio, 2022) also does not provide useful guidance because the plaintiff there asserted only Code §§ 523(a)(2), (4), and (19) claims, unlike the personal injury claims at issue here. *See id.* at *1.

14. Section 1411 specifically preserves the right to a jury trial on personal injury claims. *In re Pac. Gas & Elec. Co.,* 279 B.R. 561, 571 (Bankr.N.D.Cal. 2002). Section 1411 defeats the "traditional notion that filing a proof of claim constitutes the claimant's waiver of jury trial rights." *Id*.

15. Historically, § 1411 was designed with the protection and interests of tort claimants and creditors rights, rather than debtors, in mind. "In addition, the [1984] Amendments specifically preserve a right that a personal injury claimant would normally have outside bankruptcy proceedings—the right to determination of both liability and amount of damages by a jury of one's peers. The objective of [§1411] is to prevent a debtor from taking away protections provided under state law from creditors who depend on them most. 'Congress never intended that the filing of a bankruptcy petition by a debtor act as an escape hatch from jury trials..'" Bibler, The Status of Unaccrued Tort Claims in Chapter 11 Bankruptcy Proceedings (1987) 61 Am. Bankr.L.J. 145, 179.

16. The jury right protected under § 1441 coincides with the instruction of § 157(b)(5) that the bankruptcy court refrain from the adjudication of personal injury claims. The combination of these two statutes indicates that litigants are entitled to a jury trial in such an action even after a proof of claim has been filed in the bankruptcy court. *See Germain v. Connecticut Nat. Bank*, 988 F.2d 1323, 1327 (2d Cir. 1993). Congress "envisioned the different treatment of personal injury tort claimants from other types of creditors when it enacted 28 U.S.C. § 157(b)(2)(B), 28 U.S.C. § 157(b)(5), and 28 U.S.C. § 1411(a)." *In re G-I Holdings,*

*Inc.*, 323 B.R. 583, 605 n. 30 (Bankr.D.N.J. 2005). The statutory regime beginning with § 157(b)(5) "flatly prohibits a bankruptcy court from adjudicating and liquidating personal injury claims even when brought within a dischargeability proceeding." *In re Von Volkmar*, 217 B.R. 561, 565 (Bankr.N.D.Ill. 1998).

17. Consequently, Darjean did not waive his right to a jury trial by filing a proof of claim, and, under 28 U.S.C. § 1411, and Darjean's right to a jury trial is fully preserved.

WHEREFORE, John Darjean, assault and battery victim, creditor, party in interest, and Plaintiff herein, respectfully requests that the Court deny the Motion to Strike. Plaintiff respectfully requests such other and further relief to which Plaintiff is entitled at law on in equity.

*{continued on following sheet}*

Dated: April 17, 2024

Respectfully submitted:

MATHIAS RAPHAEL PLLC

By: */s/ Ori Raphael*\*
    Ori Raphael (Tx Bar No. 24088273)
    Mathias Raphael PLLC
    13101 Preston Road, Suite 501
    Dallas, TX 75240
    214-739-0100
    ori@mr.law

*- and -*

SWEETBAUM MILLER, PC

By: */s/ Andrew Miller*\*
    Alan D. Sweetbaum (#13491)
    Andrew Miller (#44219)
    1200 17th Street, Suite 1250
    Denver, CO 80202
    Telephone: (303) 296-3377
    asweetbaum@sweetbaumlaw.com
    amiller@sweetbaumlaw.com

*- and -*

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By: */s/ Jeff Carruth*
    JEFF CARRUTH (Tx Bar No. 24001846)
    2608 Hibernia, Suite 105
    Dallas, TX 75204-2514
    Telephone: (713) 341-1158
    Fax: (713) 961-5341
    E-mail: jcarruth@wkpz.com

**ATTORNEYS FOR JOHN DARJEAN**

*\* Signature by permission by /s/ Jeff Carruth*

## CERTIFICATE OF SERVICE

On April 17, 2024, I hereby certify that a true and correct copy of the foregoing was served upon all registered ECF users who have appeared in this case to date through the ECF noticing system.

*/s/ Jeff Carruth*
JEFF CARRUTH
