**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| SHILO DION SANDERS, | ) ) ) | Case No. 23-14859-MER |
| | ) ) | Chapter 7 |
| Debtor. | ) ) | |
| | ) | |
| JOHN DARJEAN, | ) ) | |
| Plaintiff, | ) ) | Adv. Pro. 24-01022-MER |
| v. | ) ) | |
| SHILO DION SANDERS, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT SHILO DION SANDERS POSITION STATEMENT**
**REGARDING DISCOVERY PLAN DISPUTES**

As described in the Joint Report of Rule 26(f) Conference and Discovery Plan filed on April 4, 2024 [Docket No. 16], Plaintiff John Darjean ("Darjean") and Defendant Shilo Dion Sanders ("Sanders" and collectively with Darjean, the "Parties" and each a "Party"), have **not** reached agreement on the following deadlines required by this Court's Order ("Order") entered on February 29, 2024 [Docket No. 5].

1. Defendant Sanders believes the following deadlines should apply:

   a. Parties will provide expert disclosure under Rule 26(a)(2) of the Federal Rules by May 31, 2024, and rebuttal expert disclosures under Rule 26(a)(2)(B) of the Federal Rules by July 1, 2024.

   b. Expert discovery shall be completed by July 31, 2024.

   c. All fact discovery shall be completed by July 31, 2024.

   d. Dispositive motions shall be filed by August 30, 2024.

2. Plaintiff Darjean believes the following deadlines should apply:

    a. Parties will provide expert disclosure under Rule 26(a)(2) of the Federal Rules by <u>August 29, 2024</u>, and rebuttal expert disclosures under Rule 26(a)(2)(B) of the Federal Rules by <u>September 29, 2024</u>.

    b. Expert discovery shall be completed by <u>October 29, 2024</u>.

    c. All fact discovery shall be completed by <u>October 29, 2024</u>.

    d. Dispositive motions shall be filed by <u>November 28, 2024</u>.

3. Defendant respectfully submits that the discovery dates he has proposed provide for a more than sufficient period of time for the Parties to conduct any further discovery that may be needed in this action because (i) a fully complete, or nearly fully complete, discovery file already exists; and (ii) there are only two narrow issues in dispute to be litigated.

***<u>A Complete, or Nearly Complete, Discovery Case File Already Exists</u>.***

4. The Parties are all coming into this bankruptcy discharge proceeding with a fully complete, or nearly complete, existing discovery file as a result of the extensive discovery and depositions that occurred in the Texas state court action (Cause No. DC-16-07371, 160th Judicial District Court in Dallas County, Texas), as evidenced by the 74 pages of the state court docket Plaintiff attached as Exhibit DAR001 to his Complaint. The Parties have agreed that all discovery in this state court action may be utilized by the Parties in this bankruptcy discharge proceeding, subject to all Parties' rights to raise objections under the Federal Rules. Therefore, it is highly unlikely that Parties will need to conduct much more discovery in this bankruptcy discharge proceeding.

***<u>There are Only Two Narrow Issues in Dispute</u>.***

5. The only two narrow issues in dispute in this action are (i) whether the "injury" claimed by Plaintiff arose from the alleged assault litigated in the trial court; and (ii) whether

Plaintiff has met his burden under section 523(a)(6) of the Bankruptcy Code by proving Defendant acted "willfully and maliciously" with respect to that alleged injury.

6. In this regard, Defendant admitted Paragraphs 98-102 of Plaintiff's Complaint, and accordingly, the following points are not contested or in dispute:

   a. The trial court entered its findings of fact. (Complaint, ¶ 98; Answer, ¶ 98)

   b. The trial court entered final judgment against Defendant. (Complaint, ¶ 99; Answer, ¶ 99)

   c. The trial court found and concluded that Defendant committed assault and battery against Plaintiff and that Plaintiff suffered physical harm and injuries proximately caused by Defendant's wrongful actions. (Complaint, ¶ 100; Answer, ¶ 100)

   d. A final judgment was entered based upon the intentional torts committed by Defendant in the amount of $11,890,937.42 in favor of Plaintiff. (Complaint, ¶ 101; Answer, ¶ 101)

   e. The final judgment was not appealed nor was a motion for a new trial filed. (Complaint, ¶ 102; Answer, ¶ 102)

7. The trial court's findings of fact and final judgment say what they say, and mean what they mean, and as noted, Defendant does not dispute that the issue of "physical harm and injuries proximately caused by Defendant's wrongful actions" was litigated in the trial court.

8. However (and again), there remain two narrow fact issues raised in the Complaint material to section 523(a)(6) that were <u>not</u> litigated in the trial court nor disposed of by the findings of fact and final judgment:

    a. Whether Plaintiff's "injury" featured in the Complaint (see, e.g., ¶¶ 71 and 75) is from the alleged assault litigated in the trial court or whether it stems from some antecedent or other cause; and

    b. Whether Defendant acted "willfully and maliciously" with respect to the claimed injury.

9. Accordingly, discovery, if any, will be limited to these two discrete issues, and Defendant respectfully submits that the Plaintiff's proposed exceptionally lengthy and protracted deadlines are (i) unnecessary for the reasons set forth herein; (ii) unreasonable and excessively far too long under the circumstances; and (iii) do nothing but pointlessly delay the adjudication of this bankruptcy discharge proceeding.

WHEREFORE, Defendant Sanders respectfully requests that the Court enter a scheduling order containing the discovery deadlines proposed by Defendant, and grant such other and further relief to which Defendant is entitled otherwise at law or in equity.

Dated: April 24, 2024

Respectfully submitted,

KUTNER BRINEN DICKEY RILEY, P.C.

*/s/ Keri L. Riley*
Keri L. Riley, #47605
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Tel: (303) 832-2400
Email: klr@kutnerlaw.com

- and -

BARNES & THORNBURG LLP

Victor D. Vital (of counsel)
2121 N. Pearl St., Suite 700
Dallas, TX 75201-2469
Tel: (214) 258-4124
Email: Victor.Vital@btlaw.com

- and -

James E. Van Horn (of counsel)
555 12th St NW, Suite 1200
Washington, DC 20004
Tel: (202) 371-6351
Email: JVanHorn@btlaw.com

*Attorneys for Defendant Shilo Dion Sanders*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT SHILO DION SANDERS POSITION STATEMENT REGARDING DISCOVERY PLAN DISPUTES** document was served on April 24, 2024 via court ECF Notice on all parties receiving ECF Notice in this case.

Simon E. Rodriguez, Esq.
Chapter 7 Trustee
P.O. Box 36324
Denver, CO 80236

James Van Horn, Esq.
Barnes & Thornburg LLP
555 12th Street NW
Suite 1200
Washington, D.C. 20004

Alan Sweetbaum, Esq.
Sweetbaum Miller, P.C.
1200 Seventeenth Street
Suite 1250
Denver, CO 80202

Ori Raphael, Esq.
Mathias Raphael PLLC
13101 Preston Road
Suite 501
Dallas, TX 75240

Jeffrey Dayne Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
24 Greenway Plaza
Suite 2050
Houston, TX 77046

/s/Vicky Martina
**Vicky Martina**