## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO
## DENVER DIVISION

| | | |
|---|---|---|
| IN RE: § § | CASE NO. 23-14859 | |
| SHILO DION SANDERS, § § | CH. 7 | |
| § | | |
| Debtor. § | | |
| § | | |
| JOHN DARJEAN § § | | |
| Plaintiff, § § | Adv. Proc. No. 24-01022 | |
| vs. § § | | |
| SHILO DION SANDERS, § § | | |
| Defendant. § | | |

**PLAINTIFF'S REPLY TO DEFENDANT SHILO SANDERS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C § 523(A)(6) ECF No. 39**

John Darjean, Plaintiff in the above-numbered adversary proceeding, files this Reply to Defendant Shilo Sanders' Response (Docket No. 53) (the "Response") to *Plaintiff's Motion for Summary Judgment on Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6)* (ECF No. 39) ("Plaintiff's MSJ") and respectfully shows to the Court the following.

1. Under collateral estoppel, Defendant is precluded from relitigating his counterclaims and defenses, in particular self-defense.

2. Under Texas Penal Code § 22.01 & 22.02, assault of a security officer is done so knowingly raising the offense from a misdemeanor to a felony in the third degree. And if the victim suffered serious bodily injury, it is equivalent to aggravated assault, a first-degree felony as

1

is the case here, when Defendant assaulted Plaintiff, a security officer at the time of the incident causing severe bodily injury

### I.

3. The doctrine of collateral estoppel or issue preclusion provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."[1] *Dowling v. United States*, 493 U.S. 342, 347 (1990) (*citing Ashe v. Swenson,* 397 U.S. 436 (1970)). This doctrine, precluding the relitigating of issues, is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments. *See Lytle v. Household Mfg. Inc*., 494 U.S. 545, 553 (1990); Allen v. McCurry, 449 U.S. 90, 94 (1980); *Montana v. United States,* 440 U.S. 147, 153–54 (1979). To allow a prior defendant to re-litigate the prior case would "do violence to judicial finality, a fundamental tenet of our judicial system." *Matter of Shuler,* 722 F.2d 1253, 1256 (5th Cir. 1984). Instead, those facts that were "actually litigated and necessary to the decision in the [state-court action], and that are discernible from the [state-court] record of the case, should not be reopened absent a compelling reason to avoid injustice. …" *Id.*

### II.

4. Plaintiff must demonstrate both "willful intent" and "malicious intent" as a creditor seeking a judgment of nondischargeability under Section 523(a)(6). Defendant is adamant that there is nothing in the Final Judgment or Findings of Fact and Conclusions of Law that satisfy willful and malicious intent and create nondischargeability. However, based on what matters and

---

[1] Defendant filed no less than four (4) amended answers in the Texas litigation and at minimum, four amended counterclaims asserting numerous affirmative defenses and numerous causes of action. Defendant claimed, for example, self defense amongst other affirmative defenses. These matters were determined in the Texas litigation, even if by Defendant's inaction in failing to attend trial.

issues have been or could have been litigated,[2] and that matters that are to be given preclusive effect, what emerges satisfies both willful intent and malicious intent, and summary judgment is appropriate. *See First Am. Title Ins. Co. v. Smith (In re Smith),* Bankruptcy Number: 17-22743 (Bankr. D. Utah Jul. 10, 2019)(willful and malicious intent determined on summary judgment).

### III.

5. Applying Texas law on collateral estoppel, Plaintiff is entitled to nondischargeability. This is because Defendant is precluded from relitigating:

(1) Plaintiff's assault claim;

(2) Defendant's <u>counterclaims</u> and <u>affirmative defenses he plead</u>; and

(3) matters and claims he could have asserted.

"Res judicata, or claim[] preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Jackson v. RTC as Receiver for Sunbelt Sav.*, No. 94-50272, 1994 WL 523911, at *2 (5th Cir. 1994) (per curiam) (quoting *Barr v. Resolution Trust Corp., ex rel. Sunbelt Federal Savings,* 837 S.W.2d 627, 628 (Tex. 1992)).

6. Defendant brought counterclaims alleging that Plaintiff violated his constitutional rights and assaulted him and affirmative defenses including self-defense. Defendant is therefore precluded from relitigating that he was acting in self-defense or that Plaintiff assaulted him. *Id.*[3]

---

[2] The transactional approach mandates that a defendant bring as a counterclaim any claim arising out of the transaction or occurrence that is the subject matter of the opposing party's suit. *See Miller*, 52 S.W.3d at 696; Barr, 837 S.W.2d at 630; *see also Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 208-10 (Tex. 1999) (res judicata bars assertion of claims that were compulsory counterclaims in an earlier suit).

[3] Res judicata, also known as claim preclusion, prevents the relitigation of a finally adjudicated claim and related matters that, with the use of diligence, should have been litigated in a prior suit. See State & County Mut. Fire Ins. Co. v. Miller, 52 S.W.3d 693, 696 (Tex. 2001); Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992).

7. Section 9.31 of the Texas Penal Code defines "self defense" in detail and begins with "(a) Except as provided in Subsection (b), a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." Accordingly, in this matter, the Defendant should be precluded from asserting, arguing or presenting evidence on such matters of whether he was justified in using force. If the Defendant was not "justified" in using force, he was "unjustified." Unjustified in this context means that Defendant's actions were at minimum, unnecessary and not right or fair.[4] Accordingly, Defendant is precluded from presenting evidence and arguing that his actions were necessary and that he was in the right and that his actions were fair; he is precluded from re-litigating his self-defense claims.

8. In Texas, the elements of assault are the same in both the criminal and civil context. *Forbes v. Lanzl,* 9 S.W.3d 895, 900 (Tex.App.—Austin 2000, pet. denied); *Rogers v. Peeler,* 146 S.W.3d 765, 769 (Tex. Ct. App. 2004)(Under Texas law, "[t]he definition of assault is the same, whether in a civil or criminal trial"); *Hall v. Sonic Drive-In of Angleton, Inc.,* 177 S. W.3d 636, 649 (Tex. App.—Houston [1st Dist.] 2005, no pet.)(the elements of assault are the same in civil and criminal suits). Texas civil courts refer to the Texas Penal Code, § 22.01, when analyzing the elements of civil assault and battery. See e.g. *Culver v. Culver,* 360 S.W.3d 526, 533 (Tex. Ct. App. 2011) (*citing* Tex. Penal Code Ann. § 22.01); *see also, Rogers v. Peeler,* 146 S.W.3d 765, 769 (Tex. Ct. App. 2004). Accordingly, because civil and criminal assault are identical, § 22.01 is instructive in several aspects.

9. Illuminating matters of intent, § 22.01(b) of the Texas Penal Code provides that an assault under (a)(1) of the statute is a misdemeanor, however, it is a felony of the 3rd degree if the

---

[4] See definition of unjustified in the Britannica Dictionary at https://www.britannica.com/dictionary/unjustified

4

assault is upon "**...a person the actor knows is a security officer while the officer is performing a duty as a security officer**." *See* Tex. Pen. Code § 22.01(b)(4). Furthermore, Tex. Pen. Code § 22.01(e)(3) defines a "security officer" as follows:

> ```
> "Security officer" means a commissioned security officer as defined by Section 1702.002, Occupations Code, or a noncommissioned security officer registered under Section 1702.221, Occupations Code.
> ```

Section 1702. of the Texas Occupations Code known as the Texas "Private Security Act" defines the meaning of "Security Officer" as stated in Tex. Pen. Code § 22.01(e)(3).

10. Tex. Occ. Code § 1702.002(5) states that a ""Commissioned security officer" means a security officer to whom a security officer commission has been issued by the department." And Tex. Occ. Code § 1702.222 defines a security officer as follows:

> ```
> Sec. 1702.222. SECURITY OFFICER. An individual acts as a security officer for purposes of this chapter if the individual is:
> 
> (1)    employed by a security services contractor or the security department of a private business; and
> 
> (2)    employed to perform the duties of an alarm systems response runner who responds to the first signal of entry, a security guard, security watchman, security patrolman, armored car guard, or courier guard.
> ```

11. Tex. Pen. Code § 22.01(d) states that "the actor is presumed to have **known** the person assaulted was a public servant**, a security officer**, or emergency services personnel if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant or status as a security officer or emergency services personnel."

5

12. Texas law prescribes a tougher punishment when an assault under § 22.01 is on a security officer and such is known to the actor. *Id.* However, just as instructive is § 22.02 which provides that aggravated assault is a *second* degree felony, but a *first* degree felony if committed against a security officer and the actor is aware of the fact. Aggravated assault under the Texas Penal Code utilizes the identical definition used in criminal and civil assault under § 22.01, however, an aggravated assault occurs when the actor "causes serious bodily injury to another," *See* Tex. Pen. Code § 22.02(a)(1),(a). A person commits an offense if the person commits assault as defined in § 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse. *Id.*

13. Tex. Pen. Code § 22.02(b)(2)(4) goes on to further define aggravated assault: "(2) regardless of whether the offense is committed under Subsection (a)(1) or (a)(2), the offense is committed: (E) against a person the actor knows is a security officer while the officer is performing a duty as a security officer."

14. Finally, nearly the same as in § 22.01(d), § 22.02(c) states:

> **(c) The actor is presumed to have <u>known</u> the person assaulted was a public servant or <u>a security officer</u> if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant or status as a <u>security officer</u>.**

15. In this particular matter, Plaintiff John Darjean was a licensed security officer under the Texas Occupations Code at the time he was assaulted by Defendant on September 17, 2015. Plaintiff had a Level II and Level III Training and was a Commissioned Security Officer under White Star Consulting, LLC. At the time of the assault, Plaintiff was wearing his security officer uniform and had his license on his body.

16. Defendant is precluded from litigating that Plaintiff suffered "serious bodily injury." At the trial on the matter, Plaintiff presented numerous exhibits and provided testimony, including demonstrating he suffered serious bodily injuries. See FOF-COL, Exhibit DAR004. This cannot be disputed at this stage. Also, it is undisputed that Plaintiff was working as a security officer at the time of the assault. This too cannot be disputed now.

17. Accordingly, the finding by the Texas court that Defendant assaulted Plaintiff and that Plaintiff suffered serious bodily injury is the equivalent to aggravated assault on a security officer, a first-degree felony in Texas which carries a punishment of 5 to 99 years (sometimes referred to as 5 to life) in prison. *See* Tex. Pen. Code § 12.32 & § 22.01(b)(4). A first-degree felony is reserved for the most serious of crimes and provides for the most severe punishment save for the death penalty. *Id.* Plaintiff contends, contrary to Defendant's assertions, that the final judgment, the findings of fact and conclusions of law, and the transcript of the hearing[5] all satisfy the willful and malicious intent elements of 11 U.S.C. 523(a)(6) as the findings equate to the most culpable mental state that Texas proscribes.

18. Plaintiff is aware that under Section 523(b)(6), it is not enough for an intentional act to cause injury, but that, for an injury to be "willful," there must be an intentional injury. Here, Defendant had subjective knowledge that his actions were substantially certain to cause harm to Plaintiff. See *First Am. Title Ins. Co. v. Smith (In re Smith),* Bankruptcy Number: 17-22743 (Bankr. D. Utah Jul. 10, 2019) & *First Am. Title Ins. Co. v. Smith (In re Smith)*, 618 B.R. 901 (B.A.P. 10th Cir. 2020). A totality of circumstances is to be examined, including any justification or excuse proffered by the debtor, in determining whether a wrongful state of mind was present

---

[5] In applying collateral estoppel to a case, a bankruptcy court may consider the state-court pleadings and other "portions of the record from the prior state case … ." *Matter of Davis*, 3 F.3d 113, 115 (5th Cir. 1993).

7

when the injury was caused thereby satisfying malicious intent. *Id.* However, it is a delicate balance between providing preclusive effect to final judgments and permitting defendants to relitigate claims that were brought and those which could have been brought in the prior proceeding.

19. The balance of the scale tips in favor of preclusion as set forth above. Defendant is precluded from again raising his defenses and counter claims, in particular self-defense, as done in the original proceeding. Preclusion covers all claims and defenses which the Defendant had ample opportunity to argue in the state court but chose not to. Defendant also knowingly committed assault and aggravated assault under the Texas Penal Code's definition since Plaintiff was a security officer who sustained severe bodily injury from Defendant's acts. If Defendant is allowed to relitigate this matter, then Defendant is creating a new legal loophole to avoid responsibility when someone assaults another. By participating in litigation up until trial, and failing to show up to trial, Defendant is creating an out from responsibility for what amounts to a first-degree felony of aggravated assault.

WHEREFORE, Plaintiff respectfully requests that the Court grant the Plaintiff's motion for summary judgment and determine that the claim of Plaintiff is excepted from discharge under 11 U.S.C. § 523(a)(6). Plaintiff respectfully requests such other and further relief to which Plaintiff is entitled at law or in equity.

*{continued on following sheet}*

Dated:  July 22, 2024                    Respectfully submitted:

MATHIAS RAPHAEL PLLC

By: */s/ Ori Raphael*
    Ori Raphael  (Tx Bar No. 24088273)
    Mathias Raphael PLLC
    13101 Preston Road, Suite 501
    Dallas, TX 75240
    214-739-0100
    ori@mr.law

*- and -*

SWEETBAUM MILLER, PC

By: */s/ Andrew Miller*
    Alan D. Sweetbaum (#13491)
    Andrew Miller (#44219)
    1200 17th Street, Suite 1250
    Denver, CO 80202
    Telephone: (303) 296-3377
    asweetbaum@sweetbaumlaw.com
    amiller@sweetbaumlaw.com

*- and -*

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:     */s/ Jeff Carruth*
    JEFF CARRUTH  (Tx Bar No. 24001846)
    2608 Hibernia, Suite 105
    Dallas, TX 75204-2514
    Telephone: (713) 341-1158
    Fax: (713) 961-5341
    E-mail:  jcarruth@wkpz.com

**ATTORNEYS FOR JOHN DARJEAN**

**CERTIFICATE OF SERVICE**

On July 22, 2024, I hereby certify that a true and correct copy of the foregoing was served upon all registered ECF users who have appeared in this case to date through the ECF noticing system.

                                              */s/ Ori Raphael*
                                                Ori Raphael