IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>Shilo Dion Sanders,<br><br>    Debtor. | Case No. 23-14859 MER<br><br>Chapter 7 |
| John Darjean,<br><br>    Plaintiff,<br><br>v.<br><br>Shilo Dion Sanders,<br><br>    Defendant. | Adversary Pr. No. 24-1022 MER |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on the First Amended Motion for Summary Judgment on Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 532(a)(6) ("**Motion**") filed by Plaintiff John Darjean ("**Darjean**") and the response filed by Debtor/Defendant Shilo Dion Sanders ("**Sanders**").[1]  At issue is whether a prepetition state court judgment obtained by Darjean has preclusive effect in this proceeding to establish all the necessary elements of Darjean's nondischargeability claim.

**BACKGROUND**

In 2016, Darjean sued Sanders in Texas state court.  The lawsuit concerned an altercation that occurred in 2015 at a private school where Darjean was employed, and Sanders was a student.  Sanders was represented by counsel and participated in the lawsuit for several years.  However, his counsel later withdrew, and he did not attend the trial on March 28, 2022.  Following the trial, the state court entered Findings of Fact and Conclusions of Law (the "**State Court Order**") that concluded Sanders "cause[d] physical harm and injures to [Darjean] by assaulting him."[2]  The state court entered a

---

[1] ECF Nos. 52, 53.

[2] Ex. DAR004, ¶ 1.

Final Judgment (the "**State Court Judgment**") in favor of Darjean in the amount of $11,890,937. Sanders filed bankruptcy shortly after Darjean initiated collection efforts.

In this adversary proceeding, Darjean alleges the State Court Judgment is nondischargeable under 11 U.S.C. § 523(a)(6).[3] In his Summary Judgment Motion, Darjean contends collateral estoppel applies such that the State Court Order and Judgment establish all necessary elements of his § 523(a)(6) claim. Sanders disagrees, arguing a trial is necessary on the intent element of Darjean's § 523(a)(6) claim.

## ANALYSIS

A.   **Collateral Estoppel**

Granting summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] Darjean moves for summary judgment based on the alleged collateral estoppel effect of the State Court Order and Judgment. The doctrine of collateral estoppel applies to dischargeability actions.[5] When the elements of a prior claim are identical to the elements required to establish an exception to discharge, it is appropriate for the Court to give collateral estoppel effect to those elements that "were actually litigated and determined in the prior action."[6] As such, summary judgment on a § 523 claim may be granted based on a prior state court judgment "provided that the prior judgment establishes all elements necessary to the determination of non-dischargeability under the Bankruptcy Code."[7]

When a federal court considers the preclusive effect of a state court judgment under the collateral estoppel doctrine, it looks to the preclusion law of the state in which the state court judgment entered.[8] Since Darjean obtained his judgment in a Texas state court, this Court must apply Texas law to determine whether to give it preclusive effect. Under Texas law, a party asserting issue preclusion must satisfy four requirements: "(1) the facts sought to be litigated in the second case were fully and fairly litigated in the first; (2) those facts were essential to the prior judgment; and (3) the parties were cast as adversaries in the first case."[9] There is no dispute in this case the

---

[3] Unless otherwise noted, all references to "Section," "§," "Bankruptcy Code" and "Code" and "Rules" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.* and the Federal Rules of Bankruptcy Procedure, Rule 1001, *et seq.*

[4] Fed. R. Civ. P. 56(a) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056).

[5] *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991).

[6] *Id.* at 284.

[7] *Federal Trade Comm'n v. Abeyta (In re Abeyta)*, 387 B.R. 846, 851-52 (Bankr. D.N.M. 2008).

[8] *Hill v. Putvin (In re Putvin),* 332 B.R. 619, 625 (10th Cir. BAP 2005).

[9] *Pancake v. Reliance Ins. Co.*, 106 F.3d 1242, 1244 (5th Cir. 1997).

third element is met because the parties in both proceedings are the same. However, the parties dispute the first and second elements.

### 1. Fully and Fairly Litigated

To meet the fully and fairly litigated element, an issue must have been "actually litigated."[10] Whether a default judgment has been actually litigated requires special considerations. Texas law recognizes different types of default judgments, only some of which meet the actually litigated standard. A simple default entered when a defendant fails to answer a complaint generally does not meet the first element of collateral estoppel.[11] However, a "post-answer" default in which a defendant files an answer but then fails to appear at trial may be given preclusive effect where the court enters the default judgment after conducting a hearing or trial at which the plaintiff presents evidence.[12] The key consideration is whether the plaintiff was put to his evidentiary burden at a hearing in the prior case.[13]

The default entered against Sanders in the Texas case is not a simple, pre-answer default. Rather, Sanders admits he was represented by counsel for most of the case, filed an answer and otherwise fully participated in the state court litigation for several years. Nevertheless, he failed to appear at the scheduled trial.[14] The state court went forward with the trial and Darjean presented evidence. Based that evidence, the state court issued the State Court Order and Judgment. As such, the State Court Order and Judgment are the type of default judgment that may meet the "actually litigated" prong of collateral estoppel under Texas law even though Sanders did not participate in the trial.

Sanders does not dispute this conclusion. He argues, however, that the "fully and fairly litigated" element is not met because the State Court Order and Judgment do not establish all the required elements to § 523(a)(6). This requires an examination of the elements of § 523(a)(6), which makes nondischargeable debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."[15] The required elements of a § 523(a)(6) are: "(1) an intentional action by the defendant; (2) done with the intent to harm; (3) which causes damage (economic or physical) to the plaintiff; and (4) the injury is the proximate result of the action by the defendant."[16]

---

[10] *Crain v. Limbaugh (In re Limbaugh)*, 155 B.R. 952, 956 (Bankr. N.D. Tex. 1993).

[11] *Gober v. Terra+ Corp. (Matter of Gober)*, 100 F.3d 1195, 1204 (5th Cir. 1996).

[12] *Id.*; *Pancake*, 106 F.3d at 1244.

[13] *Pancake*, 106 F.3d at 1245.

[14] Ex. DAR005, State Court Judgment ("Defendant Shilo Sanders failed to appear.").

[15] 11 U.S.C. § 523(a)(6).

[16] *Trans-West, Inc. v. Mullins (In re Mullins)*, 2021 WL 2679137, at *6 (10th Cir. BAP June 30, 2021) (citing

The first element refers to proof of a willful act. Willfulness "takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury."[17] The debtor must "intend 'the consequences of an act,' not simply 'the act itself.'"[18] Courts have recognized two ways of establishing willful conduct. The debtor must either "desire to cause the consequences of his act or believe that the consequences are substantially certain to result from it."[19] The latter "substantial certainty" test is not an objective test.[20] Rather, willfulness under both standards is a wholly subjective test dependent on the state of mind of the debtor.[21]

The second element refers to proof of a malicious injury, which is distinct from willfulness. Malicious injury requires evidence of the debtor's motives. To be malicious the debtor must have "acted with a culpable state of mind vis-à-vis the actual injury caused the creditor."[22] The debtor's action must be "wrongful and without just cause or excuse."[23] An act may be malicious if taken "in conscious disregard of one's duties and without just cause or excuse, even in the absence of personal hatred, spite or ill-will."[24] "[A]ll the surrounding circumstances, including any justification or excuse offered by the debtor, are relevant to determine whether the debtor acted with a culpable state of mind.[25] For example, "an act taken with intent to harm an individual who is also a creditor is not 'malicious' if the debtor used reasonable force acting in self-defense."[26]

The third and fourth elements of a § 523(a)(6) claim require proof of damages and proximate causation. These last two elements are the easiest to satisfy in this case because the State Court Order and Judgment contain specific findings that Darjean sustained personal injuries, damages, physical pain, mental anguish, a sustained loss of earning capacity, disfigurement, sustained physical impairment and medical care

---

*Bryant v. Tilley (In re Tilley)*, 286 B.R. 782, 790 (Bankr. D. Colo. 2002)).

[17] *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

[18] *Id.* at 61-62.

[19] *In re Moore,* 357 F.3d at 1129 (internal quotation omitted).

[20] *First Am. Title Ins. Co. v. Smith (In re Smith)*, 618 B.R. 901, 913 (10th Cir. BAP 2020); *Via Christi Reg. Med. Center v. Englehart (In re Englehart)*, 2000 WL 1275614, at *3 (10th Cir. Sept. 8, 2000)

[21] *In re Smith*, 618 B.R. at 913.

[22] *Glencove Holdings, LLC v. Bloom (In re Bloom)*, 2022 WL 2679049, at * (10th Cir. July 12, 2022) (citing *In re Smith*, 618 B.R. at 919).

[23] *In re Smith*, 618 B.R. at 919.

[24] *Id*.

[25] *Id.* at 919 (citing *Dorr, Bentley & Pecha v. Pasek (In re Pasek)*, 983 F.2d 1524 (10th Cir. 1993)).

[26] *Id.* at 919-20.

expenses as a result of the assault by Sanders.[27] The state court also concluded Sanders' actions were "the proximate cause of [Darjean's] injuries/damages" and that Darjean's injuries and damages "were a foreseeable consequence of the physical assault perpetrated by Shilo Sanders."[28] Sanders admitted at oral argument these findings are sufficient to establish damages and causation for purposes of § 523(a)(6).

However, Sanders denies the State Court Order and Judgment establish the first or second elements—willful intent and malicious injury. Neither the State Court Order or Judgment contain any specific finding or conclusion concerning Sanders' intent. Indeed, the word "intent" is not found in either document. The only clue concerning intent is the state court's finding that Sanders committed "assault."[29] Under Texas law, the elements of civil assault are the same as criminal assault.[30] The Texas Penal Code provides that a person commits the offense of assault if the person:

> (1) intentionally, knowingly, <u>or recklessly</u> causes bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.[31]

The state court's conclusion that Sanders assaulted Darjean necessarily incorporates these elements—*i.e.* that Sanders caused bodily injury to Darjean either intentionally, knowingly, or recklessly. Unfortunately, nothing in the State Court Order or Judgment specifies which level of intent Sanders had when he assaulted Darjean. This is important because the Supreme Court has held reckless conduct does not meet the willful and malicious standard in § 523(a)(6).[32] Thus, if the state court determined Sanders acted recklessly, § 523(a)(6) would not apply.[33] Given this possibility and the

---

[27] Ex. DAR004, State Court Order, at 1-3; Ex. DAR0005, State Court Judgment, ¶ 1-13.

[28] State Court Order, at 3, ¶ 2; State Court Judgment, ¶ 13.

[29] State Court Order, at 2-3.

[30] *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 801 n.4 (Tex. 2010).

[31] Tex. Penal Code § 22.01(a)(1)-(3) (emphasis added).

[32] *Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998) ("We hold that debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)").

[33] Texas law defines reckless conduct as a person being "aware of but consciously disregards a substantial and unjustifiable risk that the circumstances [surrounding his conduct] exist or the result [of his conduct] will occur." Tex. Penal Code § 6.03(c) ("The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.").

5

complete lack of any findings concerning Sanders' intent, this Court concludes the State Court Order and Judgment are not entitled to preclusive effect on the willful and malicious intent elements of § 523(a)(6).

Darjean argues the state court's award of $11 million in damages combined with its finding that these damages were a "foreseeable consequence" of the assault preclude a finding of reckless conduct.[34] This argument confuses damage causation with intent. Under Texas law, a victim of assault may recover for injuries directly and immediately resulting from the assault whether or not those injuries might have been foreseen and may also recover for consequential injuries not directly and immediately caused by the assault if those injuries were a reasonably foreseeable result of the assault.[35] This measure of damages for assault is the same regardless of the intent held by the perpetrator. Thus, the fact that the state court determined Darjean's damages were foreseeable does not indicate his level of intent, only that Darjean was entitled to consequential damages. The state court could have awarded the same amount of damages and determined those damages were foreseeable whether Sanders acted intentionally, knowingly, or recklessly.

This is not to say the level of Darjean's injuries was necessarily irrelevant to the state court's decision. Under Texas law, the requisite intent for assault "is almost always proven by circumstantial evidence."[36] A factfinder may consider events occurring before, during, and after the offense as well as the "acts, words, and conduct of the accused, as well as from the extent of the injuries and the relative size and strength of the parties."[37] In other words, the acts, conduct and remarks of the defendant and the surrounding circumstances are key to determining intent.[38] It is quite possible the state court considered the extent of Darjean's injuries along with other circumstantial evidence in determining Sanders' intent. Unfortunately, this Court can only speculate about the state court's decision-making process because there are no findings in the State Court Order and Judgment specifying the circumstances of the assault. There is no recitation of the events leading up to the assault or either party's acts, words or conduct during or after the altercation. While the State Court Order and Judgment list amounts for each category of damages awarded to Darjean, there is no detail about what the injuries were or their severity. Given this complete lack of detail, it is impossible to determine what circumstances the state court found relevant or the level of intent the state court attributed to Sanders. This Court declines Darjean's invitation to guess at what the state court decided. As one court put it, "[f]or collateral estoppel to apply in Section 523 dischargeability actions, a bankruptcy court has to see how the sausage was made," meaning "the prior adjudicator must have provided

---

[34] State Court Order, at 3, ¶ 2.

[35] *Johnson v. Johnson*, 869 S.W.2d 490, 492-93 (Tex. App. 1993).

[36] *In re I.L.*, 389 S.W.3d 445, 456 (Tex. App. 2012).

[37] *Id*.

[38] *Id*.

6

specific, subordinate findings of fact to support its decision."[39] Such specific findings about Sanders' intent are simply missing from the state Court Order and Judgment, making collateral estoppel inappropriate.

Darjean argues this Court can infer willful conduct by Sanders because Sanders allegedly punched Darjean and a punch is, by definition, meant to cause injury. Darjean references a quote by the Fifth Circuit that "haymakers, like most garden-variety punches to the face, are objectively very likely to cause harm."[40] While this Court can see the logic in the Fifth Circuit's statement, it does not apply in this case. First, there is no finding in either the State Court Order or Judgment that Sanders punched Darjean. Darjean points to witness testimony describing the assault that he allegedly presented to the state court.[41] The trial transcript, however, does not contain this testimony and instead only indicates that some unspecified portion of a previously recorded deposition was played in open court.[42] Even if this Court had this testimony, however, it would not be a sufficient basis for collateral estoppel in this case because this Court would first have to infer the state court found the testimony credible and supportive of a finding of willful and malicious intent. It is not this Court's role to review evidence presented to the state court and speculate as to findings the state court *might* have made based on that evidence.[43]

Without any state court findings on Sanders' intent or the circumstances of the assault, there is no basis to conclude willful and malicious intent was "fully and fairly" or "actually" litigated in state court.[44] However, the elements of causation and damages were actually litigated in state court. As to those two elements, the State Court Order and Judgment meet the first prong of collateral estoppel.

---

[39] *Reticulum Mgmt., LLC v. Dean (In re Dean)*, 620 B.R. 271, 273 (Bankr. N.D. Tex. 2020).

[40] *Berry v. Volbracht (In re Vollbracht)*, 276 Fed. App'x 360, 362 (5th Cir. Oct. 24, 2007).

[41] Motion, ¶ 114-115 (referring to the deposition of Saundra Hayes). Darjean also points to statements he made during his opening remarks in state court. Motion, ¶ 109 (referencing DAR018, 18:21-23). These remarks were not made under oath and are not evidence.

[42] DAR018, 27:1-4 (stating "Video recording played and stopped playing.").

[43] *See In re Dean*, 620 B.R. at 282 (concluding arbitration award did not have preclusive effect because it lacked sufficient factual findings on dischargeability issues and rejecting as irrelevant debtor's offer of evidence in record that might have supported findings by the arbitration panel)

[44] Darjean's references to Tex. Penal Code §§ 22.01(b) and 22.02 are a red herring. *See* ECF No. 55, Plaintiff's Reply, ¶ 9-18. Those sections deal with stiffer criminal punishments for aggravated assault and assaults against a security officer. Nothing in the State Court Order and Judgment references these sections or indicates that state court considered or applied them. There are no state court findings that Sanders committed aggravated assault or that Darjean was acting as a security officer during the assault. Moreover, the enhanced punishments provided for in these sections do not alter the intent requirements for assault and the Court finds them irrelevant to the collateral estoppel issue.

B.  **Facts Essential to the Prior Judgment**

The other disputed element of collateral estoppel requires a showing that the facts sought to be litigated in this proceeding—*i.e.* the elements of a § 523(a)(6) claim—were essential to the State Court Order and Judgment. An "essential" issue is one that "was actually recognized by the parties as important and by the trier as necessary to the judgment."[45] Where an issue is determined but the judgment is not dependent upon that determination, relitigation of that issue in a subsequent action is not precluded because such determinations "have the characteristics of dicta."[46] In this case, proof of Sanders' intent was obviously an essential issue for the state court because it is a necessary element of civil assault under Texas law. However, as discussed above, assault can be based on either intentional, knowing, or reckless conduct. It is possible the state court based its ruling on Sanders acting with reckless intent rather than willful and malicious intent. In that instance, a finding of intentional or knowing conduct would not be essential to the state court's decision. There is no indication the state court considered the specific requirements of willful and malicious intent required for § 523(a)(6). As such, second element of collateral estoppel is not met as to willful and malicious intent.

Causation and damages are required elements of a claim for civil assault under Texas law and were therefore essential to the state court's decision. They are also essential elements of § 523(a)(6). The state court made specific findings on these elements in the State Court Order and Judgment. Therefore, the second element of collateral estoppel is met as to causation and damages.

In sum, Darjean has established collateral estoppel precludes relitigation of the causation and damages elements of § 523(a)(6). However, there is insufficient evidence the elements of willful and malicious intent were fully and fairly litigated in state court or that those issues were essential to the state court's decision. As such, collateral estoppel does not apply to those elements.

C.  **Self Defense**

Darjean argues Sanders should be precluded from arguing he acted in self-defense or that his actions were otherwise justified. Darjean points out that Sanders asserted self-defense and other affirmative defenses in the answer he filed in state court but did not prevail. As such, Darjean contends collateral estoppel bars Sanders from asserting them in this proceeding.[47] For collateral estoppel to apply, the same

---

[45] Restatement (Second) of Judgments § 27 cmt. j; *see also Gober v. Terra+ Corp. (Matter of Gober)*, 100 F.3d 1195, 1203 n.6 (5th Cir. 1996) (noting that "Texas courts follow Restatement (Second) of Judgments § 27 in determining when to allow issue preclusion" and citing cases).

[46] Restatement (Second) of Judgments § 27 cmt. h.

[47] Darjean also argues Sanders is precluded by res judicata from bringing counterclaims he did or could have plead in the state court proceeding. Sanders has not asserted any counterclaims in this proceeding and so the issue is not ripe for determination. The Court further notes the doctrine of res judicata or claim preclusion is generally inapplicable to nondischargeability actions. *Brown v. Felsen*, 442 U.S. 127, 132

requirements must be met: (1) the facts sought to be litigated in the second case were fully and fairly litigated in the first; (2) those facts were essential to the prior judgment; and (3) the parties were cast as adversaries in the first case.

Self-defense is recognized in the Texas Penal Code as a defense to crimes involving unlawful force against another.[48] The statute provides "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force."[49] The law of self-defense is the same in both civil and criminal cases.[50] The focus of a self-defense analysis is on the defendant's state of mind and "whether, from her point of view, her apprehension of the danger was reasonable."[51] Self-defense is considered a plea of "justification" where the defendant admits prima facie liability for the underlying conduct "but asserts the existence of other facts which justify or excuse it."[52] In this way, self-defense "is based on a different set of facts from those establishing assault."[53]

There is no indication this "different set of facts" was presented or considered by the state court. Sanders pled self-defense in his state court answer, but he obviously was not at trial and did not present any evidence regarding his state of mind.[54] One could argue the state court necessarily rejected all Sanders' pled defenses when it determined he committed assault. However, the State Court Order and Judgment make no mention of self-defense, or any justification offered by Sanders for his actions. There is no indication the state court considered Sanders' state of mind or whether his alleged apprehension of danger was reasonable. As discussed above, State Court Order and Judgment are devoid of any discussion of Sanders' intent. Given this lack of findings, the Court is reluctant to conclude the issue of self-defense was fully and fairly litigated in state court.

Even if the state court had made specific findings regarding self-defense, that would not preclude this Court from considering Sanders' self-defense argument in this proceeding. The Fifth Circuit considered a similar issue in the case of *In re Volbracht*.[55]

---

(1979).

[48] Tex. Penal Code § 9.31. The law of self-defense is the same in both civil and criminal cases.

[49] *Id*.

[50] *Norris v. Branham*, 557 S.W.2d 816, 817 (Tex. App. 1977) (quoting *Foster v. H. E. Butt Grocery Co.*, 548 S.W.2d 769 (Tex. App. 1977)).

[51] *Amis v. Ashworth*, 802 S.W.2d 374, 378 (Tex. App. 1990).

[52] Norris, 557 S.W.2d at 818.

[53] *Id*.

[54] Ex. DC427, Defendant Shilo Sanders' Fifth Amended Answer and Fourth Amended Counterclaims.

[55] *Berry v. Volbracht (In re Vollbracht)*, 276 Fed. App'x 360 (5th Cir. Oct. 24, 2007).

9

There, the debtor was convicted in state court of assaulting the plaintiff by punching him multiple times. The state criminal court rejected the debtor's assertion of self-defense. After debtor filed bankruptcy, the plaintiff brought a § 523(a)(6) claim against the debtor. The Fifth Circuit held the bankruptcy court was not estopped from reconsidering the question of self-defense, even though it had previously been rejected by the state court. This was because "[s]elf-defense as litigated in a state criminal trial is not directly transferable to, and certainly not identical, to the question of self-defense in the context of willful and malicious behavior."[56] The Fifth Circuit found it possible for the bankruptcy court to "find willful and malicious injury or lack thereof based on the weight of other evidence not related to self-defense considered by the [state] court."[57] The *Volbracht* court emphasized the need for a bankruptcy court to consider all relevant issues in making an accurate determination of dischargeability.

In the particular circumstances of this case, the Court agrees with the Fifth Circuit's analysis. This Court has already determined the issues of willful and malicious behavior will be re-litigated in this proceeding. That determination will necessarily involve an examination of any justification, including self-defense, offered by Sanders for his allegedly willful and malicious behavior.[58] Given the lack of explicit findings in the State Court Order and Judgment about self-defense, the Court concludes collateral estoppel does not prevent Sanders from presenting evidence concerning self-defense or other justifications for his conduct.

## CONCLUSION

For the reasons stated above, the Court hereby ORDERS Darjean's Motion is GRANTED IN PART and DENIED IN PART. The State Court Order and Judgment have collateral estoppel effect on the issues of causation and damages. The State Court Order and Judgment do not have collateral estoppel effect on the issues of willful act, malicious injury, or self-defense and those matters will be determined in this proceeding.

---

[56] *Id*. at 355.

[57] *Id*. at 365.

[58] *See Perry v. Judge (In re Judge)*, 630 B.R. 338, (10th Cir. BAP 2021) ("In determining if an injury was malicious, evidence of the debtor's motives, including any claimed justification or excuse, must be examined to determine whether the requisite 'malice' in addition to 'willfulness' is present.") (internal quotation omitted)); *First Am. Title Ins. Co. v. Smith (In re Smith)*, 618 B.R. 901, 919-20 (10th Cir. BAP 2020) ("[A]n act taken with intent to harm an individual who is also a creditor is not 'malicious' if the debtor used reasonable force acting in self-defense.").

Dated: December 17, 2024.

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court