**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: | Case No. 23-14859 MER |
| Shilo Dion Sanders, | Chapter 7 |
| Debtors. | |
| John Darjean, | Adversary Pr. No. 24-1022 MER |
| Plaintiff, | |
| v. | |
| Shilo Dion Sanders, | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT**

     THIS MATTER comes before the Court on the First Amended Motion for Summary Judgment on Complaint on Nondischargeability Under 11 U.S.C. § 532(a)(6) ("**Motion**") filed by Plaintiff John Darjean ("**Darjean**") and the response filed by Debtor/Defendant Shilo Dion Sanders ("**Sanders**") and Darjean's reply.[1]

     Darjean sued Sanders prepetition in a Texas state court. The state court entered an order and judgment in favor of Darjean in the amount of $11,890,937. Sanders filed for bankruptcy shortly after Darjean initiated collection efforts. In this adversary proceeding, Darjean alleges the state court order and judgment are nondischargeable under 11 U.S.C. § 523(a)(6). Darjean previously filed a motion for summary judgment in this proceeding.[2] On December 17, 2024, this Court entered its Order Granting in Part and Denying in Part Motion for Summary Judgment.[3] In that Order, the Court determined that the state court order and judgment had collateral estoppel effect on the issues of causation and damages, but not on the issues of willful act, malicious injury, or self-defense. In its Motion, Darjean seeks summary judgment on the remaining issues.

---

[1] ECF Nos. 99, 101, 103.

[2] ECF No. 52.

[3] ECF No. 67.

Questions involving a defendant's intent or state of mind are generally not susceptible to summary judgment.[4] Summary judgment on a § 523(a)(6) claim is only appropriate when the facts and circumstances surrounding a debtor's actions leave no room for a trier of fact to conclude that the debtor willfully and maliciously harmed the plaintiff.[5]

The Court finds there are genuine issues of material fact regarding the circumstances surrounding the altercation between the parties, as well as Sanders' state of mind, including whether he intended to cause injury to Darjean and/or whether Sanders' actions were justified. Given that this Court is prohibited from engaging in fact-finding or evaluating credibility at the summary judgment stage, these issues are appropriate for trial.[6] Accordingly, the Court hereby

ORDERS that the Motion is DENIED. By separate order, this Court will set a trial scheduling conference.

Dated: January 27, 2026.

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[4] *In re Nevarez*, 415 B.R. 540, 544 (Bankr. D.N.M. 2009).

[5] *Id*.

[6] *E.g.*, *In re Morse*, 524 B.R. 774, 797 (Bankr. E.D. Tenn. 2015); *In re Barboza*, 545 F.3d 702, 711 (9th Cir. 2008).